# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND

| | )  |
|---|---|
| CLAUDIO DE SIMONE, *et al.* | ) |
| | ) |
| Plaintiffs/Counterclaim Defendants, | ) |
| | ) |
| v. | ) Civil Action No.: 8:15-cv-01356 |
| | ) |
| VSL PHARMACEUTICALS, INC., *et al*. | ) |
| | ) |
| Defendants/Counterclaim Plaintiffs. | ) |
| | ) |

**DEFENDANT/COUNTERCLAIM PLAINTIFF VSL PHARMCEUTICALS, INC.'S OBJECTIONS TO FINDINGS AND CONCLUSIONS OF LAW OF UNITED STATES MAGISTRATE JUDGE**

Defendant/Counterclaim Plaintiff VSL Pharmaceuticals, Inc. ("VSL"), by counsel and pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 301(5)(a), file the following objections to the United States Magistrate Judge's Memorandum Opinion and accompanying Order (ECF Nos. 556 and 557) regarding VSL's Motion for Sanctions against Plaintiff/Counterclaim Defendant Claudio De Simone.

**Objections**

1. VSL objects to the finding that De Simone's destruction of documents was not in bad faith.

2. VSL objects to the finding that the prejudice to VSL because of De Simone's spoliation is slight and therefore the sanction of an adverse inference is too severe.

3. VSL objects to the finding that VSL has not made a sufficient showing to warrant an order allowing for the forensic imaging and examination of De Simone's electronic devices.

1

## Standard of Review

Federal Rule of Civil Procedure 72 provides for the district court's review of a magistrate judge's order. Rule 72(a) states that, for non-dispositive matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); D. Md. Local Rule 301(5)(a).   Discovery motions are quintessential non-dispositive motions.  *Prusin v. Canton's Pearls, LLC*, No. CV JKB-16-0605, 2018 WL 620473, at *3 (D. Md. Jan. 30, 2018) (citations omitted).   The clearly erroneous standard applies to factual findings, while legal conclusions will be rejected if they are contrary to law.  *Id.*   Under the clearly erroneous standard, the Court is required to determine whether the magistrate judge's findings are reasonable and supported by the evidence.  *Id.*

## Argument

### I. VSL presented sufficient evidence that De Simone destroyed documents in bad faith.

The Court found De Simone's argument that "he was principally concerned with safeguarding the VSL#3 formulation from Sigma Tau Italy . . . persuasive," in holding that De Simone lacked bad faith in destroying the documents at issue. (Mem. Op. at 8.)  VSL respectfully submits that the Court's finding in this regard is clearly erroneous.

De Simone admits that he decided to leave VSL in 2013. *De Simone Dep. 143:10-16, ECF No. 478-2.*  By September 2014, De Simone had discussed with Marc Tewey that he was unhappy with how things were going at VSL and the possibility of Tewey licensing VSL#3 from De Simone.  *Id.* at 145:5-11; Tewey Dep. 34:1-36:20, ECF No. 478-3.  At the same time, De Simone requested that Ms. McColl remove and send to him any documents that contain sensitive

information about the VSL#3 product formulation and to destroy any copies she had of the same. *See* McColl Decl., ¶ 4, ECF No. 458-10 Sealed; *see also* Mem. from Diane McColl to Claudio De Simone, Oct. 23, 2014, ECF No. 436-1 Sealed. This took place just weeks before De Simone left VSL to directly compete with VSL. *See* Resignation Letter from De Simone to James H.R. Brady and VSL Pharmaceuticals, Inc., Nov. 14, 2014, ECF No. 478-4.

Diane McColl's declarations unequivocally state that the documents De Simone requested she send and destroy included *non-public communications* with VSL employees, expert panel members, or scientific consultants that described the composition of the VSL#3 products, and that they were not simply published studies. *See* McColl Decl. ¶¶ 5–6, ECF No. 458-10 Sealed; *see also* McColl Second Decl. ¶ 4, ECF No. 478-1.

Importantly, De Simone instructed Hyman Phelps to destroy its copies of the documents that were sent to him, which it did. McColl Decl. ¶ 5, ECF No. 458-10 Sealed. Once Hyman Phelps destroyed these documents, De Simone presumably had the only copy of such documents. In that context, De Simone's assertion that he destroyed documents to keep them from Sigma Tau Italy makes no sense. At that point, there was no risk that Sigma Tau Italy could obtain those documents from a third party. Consequently, the evidence supports only one conclusion – De Simone destroyed the documents in order to avoid handing them over in litigation. This is quintessential bad faith, and VSL respectfully submits that the Court erred in holding otherwise.

**II.      The Court erred in denying VSL an adverse inference because the documents were relevant, the destruction was willful, and the prejudice to VSL is great due to the unknown content of the destroyed documents.**

In the Fourth Circuit, to impose an adverse jury instruction for spoliation of evidence, the court "must only find that the spoliator acted willfully in the destruction of evidence." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 536 (D. Md. 2010) (citing *Goodman v.*

*Praxair Servs., Inc.,* 632 F. Supp. 2d, 494, 519 and n.15).  While negligence or even gross negligence is not sufficient in this Circuit, the conduct need not rise to the level of bad faith.  *Id.* (citing *Goodman,* 632 F. Supp. 2d at 519).  Moreover, while a court must consider relevance and prejudice, "[t]o draw an adverse inference from the absence, loss or destruction of evidence, it would have to appear that the evidence would have been relevant to an issue at trial and otherwise would naturally have been introduced into evidence." *Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 156 (4th Cir. 1995) ("An adverse inference about a party's consciousness of the weakness of his case, however, cannot be drawn merely from his negligent loss or destruction of evidence; the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction."); *see also Victor Stanley*, 269 F.R.D. at 536 (reviewing the circumstances under which a court may order an adverse inference instruction).

In its Memorandum Opinion, the Court found that: (1) De Simone willfully destroyed documents (Mem. Op. at 8- 9); (2) the documents De Simone destroyed were relevant to this litigation (Mem. Op. at 10); and (3) VSL has been prejudiced as a result of De Simone's willful destruction of documents, noting that it is impossible to know what the documents thrown away by De Simone contained.  (Mem. Op. at 13-14.)  These findings are sufficient for the imposition of an adverse inference instruction.  *See Victor Stanley*, 269 F.R.D. at 536 (noting that an adverse inference instruction may be ordered where willful destruction of relevant evidence causes prejudice to a party).

Nevertheless, the Court held that the prejudice to VSL as a result of De Simone's willful spoliation of documents is very slight.  (Mem. Op. at 15.)  The Court based its ruling on the fact that "the Court has not been presented with any evidence to suggest that the documents that De

Simone destroyed likely contained the critical piece of missing evidence that VSL will need to prove its claims or defenses." (Mem. Op. at 15.) A finding that the evidence must be critical is not the lynchpin for an adverse inference jury instruction—the required showing is that De Simone knew that the evidence was relevant to some issue at trial and that De Simone's willful conduct destroyed it. *See Vodusek,* 71 F.3d at 156. VSL demonstrated, and the Court found, both that the evidence was relevant—even without applying the relevancy presumption—to several of the issues within this litigation and that De Simone willfully destroyed documents.

Additionally, VSL respectfully submits that the Court's basis for finding slight prejudice presents an impossible standard and is erroneous. While the Court based its finding on the fact that De Simone claimed to have found and produced at least some of the documents he stated he destroyed, as well as the fact that "extensive discovery" has taken place in this case,[1] the Court also readily acknowledged that no one knows for certain what the *destroyed* documents contained. Moreover, the Court concedes that it is "possible that the [destroyed] documents contained information that VSL might have used to support its claims or defenses, including information that would undermine De Simone's credibility regarding changes to the formulation over time." It follows that it is impossible for VSL, or any other litigant, to prove that the destroyed documents contained a critical piece of missing evidence.

Likewise, VSL will not be able to ask De Simone, *the plaintiff in this action*, or any other witness for that matter, about the documents that were destroyed. In *Cognate BioServices, Inc. v. Smith*, No. 13-1797, 2015 WL 5158732, at *9 (D. Md. Aug. 31, 2015), the Magistrate Judge recommended that this Court consider an adverse inference instruction where the named

---

[1] Although the Court contends that "extensive discovery" has taken place in this matter, it should be noted that De Simone has produced almost no documents of significance, and the relative volume of documents De Simone has produced is far below what one would expect given his position with the company.

5

defendant willfully destroyed notebooks containing notes about the work he performed for a competitor and notes from meetings he attended while working for the competitor, as this information was relevant to the plaintiff's claims.  In finding prejudice, the court noted that

> [Plaintiff] will be unable to cross-examine [defendant] with the assistance of the notes, which might have allowed [plaintiff] to point out areas that [defendant] had misremembered or misstated what he did while working for [plaintiff's competitor]. … The notebooks may also have contained [defendant's] notes on how he misappropriated proprietary information from [plaintiff], which would have been useful in [plaintiff's] case in chief as evidence of [defendant's] misappropriation.

*Cognate BioServices*, 2015 WL 5158732, at *8 (D. Md. Aug. 31, 2015).

VSL will not be able to cross examine De Simone or elicit testimony from any witness about the content of these documents—documents describing the composition of VSL#3—which goes to the heart of this litigation.  In this context, VSL respectfully submits that because the documents were relevant, the destruction was willful, and the prejudice great due to the unknown content of the destroyed documents, an adverse inference is appropriate.

In the alternative, VSL respectfully submits that the Court erred by determining that an adverse inference is not appropriate without, at a minimum, a forensic examination of De Simone's electronic devices and email accounts.  As will be discussed in Section III, *infra*, based on De Simone's spoliation, his selective email production, and VSL's allegations against De Simone, VSL has met the necessary burden to allow for such forensic examination.  VSL requests that, should the Court disagree that VSL is entitled to an adverse inference as argued above, the Court postpone any ruling on the use of an adverse inference jury instruction until the results of a forensic examination of De Simone's electronic devices and email accounts are known.  See *AMG Nat'l Tr. Bank v. Ries*, No. 06-CV-4337, 2011 WL 3099629, at *5 (E.D. Pa. July 22, 2011) (granting a spoliation inference at trial, but postponing determining the language

of the instruction until after the results of a forensic examination, which would provide a better basis for determining the amount of prejudice).

### III. A forensic examination of De Simone's electronic devices is warranted because of his spoliation of evidence and his failure to produce documents.

VSL respectfully submits that the Court erred in: (1) failing to tie VSL's forensic inspection request to De Simone's spoliation of documents; and (2) failing to appreciate that information on De Simone's device goes to the heart of the case.

Coupled with discrepancies in a party's production, a strong showing of spoliation of relevant evidence can meet the standard necessary to trigger a forensic examination of a party's electronic devices. *See Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, No. 13-CV-01806-JCS, 2014 WL 1338480, at *9 (N.D. Cal. Apr. 1, 2014) (stating that a strong showing of spoliation would likely satisfy the requirement of good cause to examine a personal computer); *see also AMG Nat'l Tr. Bank*, No. 06-CV-4337, 2011 WL 3099629, at *5 (ordering a forensic examination of a personal computer where party had spoliated evidence).

Here, the Court has found that spoliation of relevant evidence occurred. Indeed, the Court wrote that "De Simone appears to have had little regard for his duty to preserve relevant evidence." (Mem. Op. at 17.) As noted above, courts also allow for the inspection of an electronic device where discrepancies are found in a party's production. *See Ameriwood Indus., Inc. v. Liberman*, No. 4:06CV524, 2006 WL 3825291, at *1 (E.D. Mo. Dec. 27, 2006), *as amended on clarification*, 2007 WL 685623 (E.D. Mo. Feb. 23, 2007). In *Ameriwood*, a forensic examination was allowed where the plaintiff filed with the court an email produced by a non-party in the suit, asserting that defendants failed to produce the same email. *Ameriwood*, 2006 WL 3825291, at *3. That very thing has occurred here.

Danisco, the manufacturer of VSL#3 from 2001–2016, produced documents that De Simone himself failed to produce. Mot. for Sanctions 9-10, ECF No. 458. While De Simone did produce 236 emails, as well as other documents, that pre-date November 14, 2014, what is striking about his production is that it lacks documents that he should have had that were produced by others, and are harmful to his case. Additionally, the 236 emails that he produced are from the same e-mail accounts that he used to communicate with Danisco, as well as others, demonstrating that those email accounts were available for his review and collection for this litigation. Thus, combining the Court's finding of spoliation with the discrepancy in his production—and the real concern that De Simone cherry-picked only those documents that were helpful to his case for production—VSL respectfully submits that the Court erred in not permitting a forensic examination of De Simone's electronic devices and email accounts based on this evidence alone.

VSL also submits that the Court erred in its description of the relevance of information and data on De Simone's electronic devices and in his electronic accounts. The Court noted in its opinion that while courts sometimes allow for the forensic examination of an opposing party's electronic devices, courts have been reluctant to allow such an examination where the contents of the device sought to be inspected do not go to the heart of the case. (Mem. Op. at 20); *see Hespe v. City of Chicago*, No. 13-17998, 2016 WL 7240754, at *4 (N.D. Ill. Dec. 15, 2016) (("[C]ourts may be somewhat less wary of requests to inspect electronic devices when there is a substantiated connection between the device the requesting party seeks to inspect and the claims in the case, or, as one court put it, where the contents of the device go to the heart of the case.").

The contents of De Simone's electronic devices go to the heart of the case to the extent that they contain *any* VSL documents. VSL has filed claims against De Simone related to De

8

Simone's failure to return VSL documents to VSL when he resigned as CEO. Indeed, this Court granted VSL a preliminary injunction as result of De Simone failing to return VSL its documents. Order ¶ 2, Sept. 23, 2015, ECF No. 100. Moreover, in his supplemental memorandum arguing against the imposition of sanctions, De Simone defended his destruction of documents by claiming that his attorneys "found" some of the documents De Simone testified that he had destroyed in his electronic data that they had retrieved. (Mem. Op. at 12.) Accordingly, VSL respectfully submits that the Court erred in describing whether De Simone has documents on his computer as "immaterial" to this case. (Mem. Op. at 21.)

Finally, VSL first raised De Simone's spoliation of documents in October of 2017. Trial is now set for October 29, 2018. Accordingly, there is plenty of time for a forensic examination of De Simone's devices well prior to trial. Likewise, any burden on De Simone is minimal as VSL will bear the costs of any forensic examination of his devices and accounts. Any issues regarding privacy are certainly capable of resolution through the use of a protocol designed to protect De Simone's personal documents and target only those items related to this litigation. Given these facts, VSL respectfully submits that the Court erred in finding that a forensic examination was not warranted.

## Conclusion

For all of these reasons, VSL respectfully requests that this Court modify the Magistrate Judge's findings and rulings as follows:

(1) Find that De Simone destroyed documents in bad faith;

(2) Find that the prejudice to VSL because of De Simone's destruction of documents is great and grant an adverse inference instruction that De Simone destroyed the

evidence from Hyman Phelps because it was detrimental to De Simone's claims and that the evidence was both relevant and favorable to VSL's claims and defenses;

(3) Direct that De Simone produce for review and inspection all electronic devices and email accounts.

**VSL PHARMACEUTICALS, INC.**

By: _____/s/_____
Brian Cashmere, Esq. (USDC MD Bar No. 14170)
(bcashmere@williamsmullen.com)
Williams Mullen
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
Telephone: (703) 760-5200
Facsimile: (703) 748-0244

*Admitted pro hac vice*
Douglas M. Nabhan, Esq. (VSB No. 24078)
Turner A. Broughton, Esq. (VSB No. 42627)
Harold E. Johnson, Esq. (VSB No. 65591)
Richard T. Matthews, Esq. (VSB No. 71241)
Andrew O. Mathews, Esq. (VSB No. 77068)
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320
Telephone:  (804) 420-6000
Facsimile:  (804) 420-6507
dnabhan@williamsmullen.com
tbroughton@williamsmullen.com
hjohnson@williamsmullen.com
rmatthews@williamsmullen.com
amathews@williamsmullen.com
*Counsel for VSL Pharmaceuticals, Inc.*