IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| CLAUDIO DE SIMONE, *et al.*, | * |
| Plaintiffs/Counterclaim Defendants, | * |
| v. | * Case No. 8:15-cv-01356-TDC |
| VSL PHARMACEUTICALS, INC., *et al.*, | * |
| Defendants/Counterclaim Plaintiffs. | * |

**BENCH BRIEF IN SUPPORT OF PLAINTIFFS/COUNTERCLAIM DEFENDANTS' OPPOSITIONS TO DEFENDANT/COUNTERCLAIM PLAINTIFF VSL PHARMACEUTICAL, INC'S MOTIONS IN LIMINE TO PRECLUDE ANY EXPERT TESTIMONY OF MARC TEWEY AND CLAUDIO DE SIMONE**

Plaintiffs/Counterclaim Defendants Professor Claudio De Simone ("Prof. De Simone") and ExeGi Pharma, LLC ("ExeGi") (collectively, "Plaintiffs"), by and through their undersigned counsel, submit this Bench Brief in support of Plaintiffs' Oppositions to the Motions *in Limine* of VSL, Inc. ("VSL") to Exclude Expert Testimony of Prof. De Simone and Mark Tewey ("Mr. Tewey") (ECF Nos. 691, 710).

**PRELIMINARY STATEMENT**

For the first time, VSL suggests that the testimony of Prof. De Simone and Mr. Tewey is inadmissible merely because both parties have a financial interest in the outcome of this dispute. In support of its novel suggestion, VSL offers "precedent" in the form of a single (unreported) decision from the U.S. District Court for the Central District of California. *See Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHX), 2014 WL 10894452 (C.D. Cal. Oct. 31, 2014). VSL points out that the California district court found inadmissible as a matter of "public policy" testimony from experts with a financial stake in the outcome of litigation. VSL insists that the

*Perfect 10* Court relied upon a Fourth Circuit decision, *Accrued Fin. Svcs., Inc. v. Prime Retail, Inc.*, 298 F.3d 291 (4th Cir. 2002), to reach its holding. VSL only has one problem. Neither *Prime Retail* nor any other court in this Circuit has ever held anything of the sort.

Instead, the *Prime Retail* Court was clear: "expert testimony for a contingent fee" is prohibited. 298 F.3d at 300. Prof. De Simone and Mr. Tewey are not experts working on a contingency basis. In arguing that their testimony should be excluded regardless, VSL urges this Court to ignore the weight of authority and be guided solely by the *Perfect 10* Court's misinterpretation of a Fourth Circuit holding. This Court should decline VSL's invitation to ignore its own precedent and precedent in other Circuits, where it is equally well established that a party may testify as an expert in his own case. Disinterestedness is not required of expert witnesses any more than it is of ordinary witnesses, and nothing in the Federal Rules of Evidence or the Federal Rules of Civil Procedure suggests otherwise. VSL's offered precedent has no value in this Circuit or even in its own. VSL's motions *in limine* should be denied.

## ARGUMENT

### I. Prof. De Simone and Mr. Tewey May Testify as Expert Witnesses in this Matter.

"Nothing in the Federal Rules of Evidence prohibits a party from serving as an expert witness." *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993) (holding that "a party may testify as an expert in his own case, provided that the relevant qualifying criteria (statutory or otherwise) are met").; *Attia v. Aduionamix Inc.*, No. 14 CIV. 706 RMB, 2015 WL 5580501, at *6 (S.D.N.Y. Sept. 21, 2015) (same). "Nothing in the Federal Rules of Civil Procedure prevents a party from also serving as an expert witness in a case," either. *Axis Reinsurance Co. v. Vereen*, No. 4:07-CV-0836-TLW-TER, 2009 WL 10678352, at *1 (D.S.C. Mar. 30, 2009). Recognizing as much, courts regularly hold that a party may "serve as his own expert witness."

*See Fletcher v. Doig*, 196 F. Supp. 3d 817, 823 (N.D. Ill. 2016); *see also Masterson Marketing, Inc. v. KSL Recreation Corp.*, 495 F. Supp. 2d 1044, 1050 (S.D. Cal. 2007) (a party "can rely on his own expert report to support his claims"); *Scheidt v. Klein*, 956 F.2d 963, 968 n. 4 (10th Cir. 1992) (noting that the "only pertinent circuit decisions we have found uphold the admission of expert testimony related by a party"); Christopher B. Mueller & Laird C. Kirkpatrick, 3 Federal Evidence § 7:8 (4th ed.) ("A party to a suit, if otherwise qualified as an expert, may testify as such in the case, and neither Rule 702 nor concerns over the fact that such a person is obviously self-interested should prevent a party from qualifying as an expert witness in his own cause."). Just like any other party, Prof. De Simone and Mr. Tewey may testify as experts in their own case. *See id*.

The fact that Prof. De Simone and Mr. Tewey have a financial interest in this matter does not alter the analysis. Instead, "disinterestedness is not required of expert witnesses any more than it is required of ordinary witnesses." *Liberty Mut. Ins. Co. v. B. Frank Joy Co.*, 424 F.2d 831, 832 (D.C. Cir. 1970). "[I]t is well-settled that an expert witness's bias goes to the weight, not the admissibility of and should be brought out on cross-examination." *Grant Thornton, LLP. v. F.D.I.C.*, 297 F. Supp. 2d 880, 884, n.3 (S.D.W. Va. 2004); *In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 186872, at *4 (S.D.W. Va. Jan. 15, 2014) (denying motions to exclude expert testimony based on supposed conflict of interest and noting that the other party was "free to highlight" the expert's "conflict of interest on cross-examination"); *Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir. 1976) (a party's "interest" in the action "affect[s] the weight, not the admissibility of his testimony").

To that end, that a witness "is an employee of a party does not preclude his qualification as an expert." *Dunn v. Sears, Roebuck & Co.*, 639 F.2d 1171, 1174 (5th Cir. 1981). And: "***A litigant, or a litigant's CEO, or sole stockholder***, or mother, or daughter is not, by reason of his

or her or its relation to the litigant, disqualified as an expert witness." *Braun v. Lorillard Inc.*, 84 F.3d 230, 237-38 (7th Cir. 1996). The same is true of a litigant's CFO with a direct financial stake in the company, *Signal Perfection, Ltd. v. McPhee Elec., Ltd.*, No. CIV.A. WGC-10-2331, 2015 WL 5136565, at *6 (D. Md. Aug. 31, 2015), or anyone with any financial interest at all. *Hathaway v. Bazany*, 507 F.3d 312, 317 (5th Cir. 2007) (excluding expert testimony on other grounds and noting that the fact that an expert was "both the father of the decedent and a party to this suit" did "not affect [its] analysis," because although he "evidently" had a financial "interest in the outcome of this suit, that potential bias is likely not alone grounds for disqualification").

In arguing that the testimony of Prof. De Simone and Mr. Tewey is nevertheless inadmissible, notwithstanding all precedent to the contrary, VSL offers two cases in support, neither of which has any bearing on this matter. In *Perfect 10, Inc. v. Giganews, Inc.*, the plaintiff sought to admit expert testimony from the plaintiff himself, who, as the sole shareholder of a company in the business of selling "adult images," also happened to have "the only financial stake in the outcome." 2014 WL 10894452, at *5. More importantly: the plaintiff "never testified as an expert witness in any litigation before, ha[d] never published any books or peer-reviewed articles on any relevant topics at issue in this action, ha[d] no relevant academic training, and ha[d] virtually no understanding" of essential issues in the dispute. *Id*. at *6. Given that the plaintiff's "expert opinions" amounted to nothing more than "raw speculation" and he had a purely financial interest in winning the case, the Court found that, "on balance," public policy weighed in favor of excluding his expert testimony. *Id*. There is no such compelling public policy interest where, as here, VSL has never suggested that either Mr. Tewey or Prof. De Simone knows nothing about the issues in this dispute, rendering the testimony of both entirely admissible.

In suggesting otherwise, VSL urges this Court to be guided by the *Perfect 10* Court's interpretation of *Prime Retail, Inc. v. Giganews, Inc.* as the sole case in which the Fourth Circuit supposedly "held" that "testimony from experts who have a direct financial stake in the outcome of litigation is against public policy." 2014 WL 10894452, at *4 (C.D. Cal. Oct. 31, 2014). Respectfully, this Court has already dispensed with such a broad reading of the holding in *Prime Retail*, which never so much as mentions "experts with a financial stake in the outcome of litigation" at all.

In *Signal Perfection, Ltd. v. McPhee Elec., Ltd.*, after judgment was entered in its favor, the plaintiff moved for a new trial or, in the alternative, to alter or amend the judgment. 2015 WL 5136565, at *1 (D. Md. Aug. 31, 2015). As grounds, among other things, the plaintiff argued that the court had erred in admitting the expert testimony of John Conroy, the Chief Financial Officer of the defendant company, particularly in light of Mr. Conroy's supposed "contingent financial interest" in the outcome of the litigation. *Id*. at *2. Mr. Conroy had a percentage ownership interest in the defendant company. *Id*. at *5. To that end, the plaintiff argued that the district court should have excluded his expert testimony the grounds that, under *Prime Retail*, "an independent expert has to be free from having a personal interest in the outcome of the case." *Id*. at *6. The Court disagreed.

As the Court reasoned, given that the witness was a "hybrid fact expert witness," any objection to his testimony went only to the "weight" of that testimony "as opposed to admissibility." *Id*. The Court was clear: a witness's designation as a hybrid fact/expert witness failed to qualify as the sort of "arrangement against public policy" that would render his testimony inadmissible under *Accrued Financial Services*. *Id*. That is because *Accrued Financial Services* involved "a California corporation which conduct[ed] audits for tenants in factory outlet malls and

commercial buildings" in what were "essentially lawsuit-mining arrangements." *Id*. As the Court pointed out, it was only "against that backdrop" that the *Prime Retail* Court prohibited "expert testimony for a contingent fee" at all. *Id*.

Here, just as in *Signal Perfection*, Prof. De Simone and Mr. Tewey are hybrid fact expert witnesses, and, while VSL may similarly wish to comment on the weight of their testimony during trial, it cannot object to its admissibility before then. That is because, just like in *Signal Perfection*, "[t]he underlying facts of Accrued Financial are completely distinguishable from the facts of this litigation." *Id*. The testimony of Prof. De Simone and Mr. Tewey is admissible in its entirety, and VSL's motion should be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court enter an Order denying Defendants' motions *in limine* and any other relief the Court deems appropriate.

Dated: October 25, 2018

    Respectfully submitted,

    **SCHULMAN BHATTACHARYA, LLC**

    By:   /s/ Jeremy W. Schulman

        Jeremy W. Schulman

Jeremy W. Schulman
Jeffrey Gavenman
7500 Old Georgetown Road, Suite 901
Bethesda, Maryland 20814
Telephone: (240) 356-8550
Facsimile: (240) 356-8558
E-mail: jschulman@schulmanbh.com
       jgavenman@schulmanbh.com

*Counsel for Plaintiffs/Counterclaim Defendants Professor Claudio De Simone and ExeGi Pharma, LLC*