UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CLAUDIO DE SIMONE and<br>EXEGI PHARMA, LLC,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>VSL PHARMACEUTICALS, INC.,<br>LEADIANT BIOSCIENCES, INC., and<br>ALFASIGMA USA, INC.,<br><br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>DANISCO USA, INC.,<br><br>    Counterclaim Defendant. | Civil Action No. TDC-15-1356 |

## ORDER

For the reasons stated at the Pretrial Conference, it is hereby ORDERED that:

1. VSL Pharmaceutical Inc.'s ("VSL") Objections to Findings and Conclusions of Law of United States Magistrate Judge, ECF No. 565, are DENIED.

2. VSL's Motion in Limine to Preclude Evidence or Argument Regarding the Number of Attorneys or Law Firms Representing Defendants, ECF No. 682, is GRANTED.

3. VSL's Motion in Limine to Preclude Evidence or Argument Regarding Alleged Sexual Misconduct, Harassment, or Inappropriate Conduct, ECF No. 683, is GRANTED.

4. VSL's Motion in Limine to Preclude Evidence or Argument Regarding the Packaging of the VSL#3 Product Sold in India, ECF No. 684, is DENIED, subject to a proper

foundation by Claudio De Simone and ExeGi Pharma, LLC ("the De Simone Parties") for the agency relationship between Sun Pharmaceutical Industries, Ltd. and VSL.

5. VSL's Motion in Limine to Preclude Evidence or Argument Regarding Health Canada, ECF No. 685, is DENIED, subject to a proper foundation by the De Simone Parties for the agency relationship between Ferring Pharmaceuticals and VSL.

6. VSL's Motion in Limine to Preclude Plaintiff from Testifying at Trial in Italian, ECF No. 687, is DENIED.

7. VSL's Motion in Limine to Preclude Patrick Gillevet from Providing *Ipse Dixit* Testimony Regarding an Alleged Standard Related to the Number of Studies Required Using Italian Made VSL#3, ECF No. 689, is DENIED.

8. VSL's Motion in Limine to Preclude Any Expert Testimony of Claudio De Simone, ECF No. 691, is DENIED. Counsel for the De Simone Parties must clearly demarcate between De Simone's fact testimony and his expert testimony.

9. VSL's Motion in Limine to Preclude Any Expert Testimony of Marc Tewey, ECF No. 692, is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED in that Tewey may not testify to opinions on whether VSL and Visbiome are the same or on whether any statements to that effect would be material misstatements given his lack of qualification as an expert on the science of probiotics. The Motion is otherwise DENIED, subject to appropriate foundation.

10. VSL's Motion in Limine as to Exclude Expert Testimony of Dr. Alessio Fasano Regarding Labeling Standards, ECF No. 693, is GRANTED.

11. VSL's Motion in Limine to Exclude Expert Testimony Based upon Proteomic Testing, ECF No. 695, is DENIED.

12. Leadiant Bioscience Inc.'s ("Leadiant") Motion in Limine to Preclude Evidence at Trial on Leadiant's Pricing of Pharmaceuticals Other Than VSL#3, ECF No. 678, is GRANTED IN PART and DENIED IN PART. The Motion is DENIED as it relates to specific evidence of drug pricing known to De Simone at the time he made the decision to leave VSL, from the beginning of 2013 until November 2014, subject to Plaintiffs laying the proper foundation to establish that such evidence of pricing actually motivated his actions. The Motion is otherwise GRANTED.

13. Leadient's Motion to Dismiss Plaintiff ExeGi Pharma, LLC's False Advertising Claim, or in the Alternative, Motion for an Order in Limine to Preclude New Evidence or Argument of Lanham Act Damages, ECF No. 694, is DENIED. Alfasigma USA, Inc.'s ("Alfasigma") Motion in Limine joining Leadiant's Motion, ECF No. 697, is also DENIED.

14. Alfasigma's Motion in Limine to Exclude Evidence Related to Purported Adverse Effects of VSL#3, ECF No. 679, is GRANTED IN PART and DENIED IN PART. Specifically, the Motion is GRANTED as to Exhibits 174, 176, 180, 181, 182, and 183. The Motion is GRANTED IN PART and DENIED IN PART as to Exhibits 172, 173, and 177. In those exhibits, statements not by Leadiant or Alfasigma employees shall be redacted. The Motion is GRANTED IN PART and DENIED IN PART as to Exhibits 152, 153, 154, and 175. The Motion is DENIED as to entries in which a user of VSL#3 directly reports on his or her own medical symptoms and condition and is GRANTED as to entries in which other individuals report such information.

15. Alfasigma's Motion in Limine to Exclude Expert Testimony of Susan Linke, ECF No. 680, is GRANTED.

16. The De Simone Parties' Motion in Limine to Limit the Testimony of Rodolphe Barrangou, ECF No. 698, is DENIED.

17. The De Simone Parties' Motion in Limine to Exclude the Testimony of Michele M. Riley, ECF No. 699, is DENIED. VSL must lay a proper foundation establishing that the analyzed records provide evidence of damages from a breach of fiduciary duty before the testimony will be admitted.

18. The De Simone Parties' Motion in Limine to Exclude the Testimony of Robert C. Rosenthal, ECF No. 700, is GRANTED IN PART and DENIED IN PART. Specifically, Rosenthal may not testify about individual travel or leisure expenditures by Bo Young Park or De Simone, and Rosenthal's testimony shall be limited to statements and conclusions that could be reasonably drawn from his original expert report.

19. The De Simone Parties' Motion in Limine to Exclude the Testimony of Jess M. Collen, ECF No. 704, is GRANTED WITHOUT PREJUDICE TO RENEWAL with a narrow, more focused request.

20. The De Simone Parties' Motion in Limine to Exclude the Testimony of Roger Milgrim, ECF No. 706, is GRANTED WITHOUT PREJUDICE TO RENEWAL with a narrow, more focused request.

21. The De Simone Parties' Motion in Limine to Prevent Defendants from Presenting Irrelevant Evidence in Support of Its False Advertising Claim, ECF No. 707, is GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to statements made outside the United States and it is otherwise DENIED.

Date:  October 30, 2018

THEODORE D. CHUANG
United States District Judge