IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLAUDIO DE SIMONE, *et al.*, | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | Case No.: 8:15-cv-01356 |
| | ) | |
| VSL PHARMACEUTICALS, *et al.,* | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM AND REQUEST TO PRECLUDE CERTAIN EVIDENCE AND ARGUMENT ON DEFENDANTS' CLAIMS**

Defendants/Counterclaim-Plaintiffs VSL Pharmaceuticals, Inc. ("VSL Inc."), Leadiant Biosciences, Inc. ("Leadiant") and Alfasigma USA, Inc. ("Alfasigma"), by and through counsel, hereby oppose Plaintiffs/Counterclaim-Defendants Claudio De Simone ("De Simone") and ExeGi Pharma, LLC's ("ExeGi") Objections to Defendants' Proposed Jury Instructions and Verdict Form and Request to Preclude Certain Evidence and Argument on Defendants' Claims [ECF 774] ("Plaintiffs' Motion").

Contrary to the impression given in Court, Plaintiffs' Motion goes far beyond VSL Inc.'s trademark infringement claim. Rather, Plaintiffs' Motion claims that, "[w]ith the exception of VSL Inc.'s claim for breach of fiduciary duty, ***none of Defendants' remaining claims are matters for the jury***," and therefore requests that the Court "strike from the jury instructions and the verdict form any reference to Defendants' claims for trademark infringement, unfair competition, false advertising, tortious interference, conversion, and conspiracy, and preclude Defendants from introducing evidence or argument on those claims." ECF No. 774 at 3 (emphasis added).

Plaintiffs' Motion seeks to usurp Defendants' Seventh Amendment right to jury trial and should be denied. Contrary to Plaintiffs' mischaracterization, Defendants seek monetary damages for their claims, and the monetary relief sought by Defendants is not properly characterized as "equitable" such that they should be denied a jury trial on their counterclaims. Moreover, even if Defendants seek equitable relief for *some* of their claims, those claims form the basis of—or at a minimum are relevant to—VSL Inc.'s claim for breach of fiduciary duty. Accordingly, the same evidence will be presented to the jury based solely on VSL Inc.'s breach of fiduciary duty claim, and judicial economy dictates that the Court should proceed with one trial rather than two. At the close of evidence by both sides, the Court can make the appropriate determination as to which issues should go to the jury. Finally, if the Court concludes that Defendants' claims other than VSL Inc.'s breach of fiduciary duty are entirely equitable, the Court should empanel an advisory jury pursuant to Fed. R. Civ. P. 39(c)(1).

## I. Defendants Seek Actual Damages, And Therefore, Are Entitled To A Jury Trial.

Plaintiffs' Motion is based on the false premise that Defendants do not seek actual damages and that the relief sought is entirely equitable. Contrary to Plaintiffs' unsupported assertion, Defendants seek—and have sufficient evidence regarding—their damages, and therefore are entitled to a jury on the issues.[1] Defendants need not prove damages "with

---

[1] Plaintiffs seem to complain in the introduction to their bench memo that Defendants did not disclose a model for how they calculated damages [ECF No. 774 at 2], but such a model is unnecessary, and Plaintiffs cite to no authority requiring disclosure of a "damages model". In the argument portion of their brief, Plaintiffs change their tune and cite cases that require a party, *in its pleadings*, to make a damages demand. *See Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 296 (D. Md. 2005) ("[I]n order to properly plead a claim for punitive damages, a plaintiff must make a specific demand for that relief in addition to a claim for damages . . . ."); *Hoang v. Hewitt Ave. Assocs., LLC*, 177 Md. App. 562, 587, 936 A.2d 915, 930 (2007) ("[A] complaint for damages must set forth the amount of money being sought . . . ."). These cases first highlight the fact that Plaintiffs have been aware of these supposed deficiencies since the beginning of the case and, for the reasons set forth above, the Court should not consider them at

mathematical certainty," and will present evidence well beyond "conjecture or guess" to help the jury determine damages "with reasonable certainty," as required by law. *Muhler Co. v. Ply Gem Holdings, Inc.*, 637 F. App'x 746, 749 (4th Cir. 2016).

### a. VSL Inc. Seeks Actual Damages for False Advertising, Conversion, and Conspiracy.

As an initial matter, the Court has already rejected Plaintiffs' argument that VSL Inc.'s damages are too speculative to go to a jury. At the pretrial conference, the Court determined that VSL Inc. could put on evidence of damages so long as VSL Inc. laid the proper foundation to show how those damages arose out of the claims here. Plaintiffs cite to no case that suggests VSL Inc. needs an expert to establish its damages—VSL Inc. will establish damages through fact witnesses—and Plaintiffs can cross examine VSL Inc.'s fact witnesses regarding those damages at trial. Plaintiffs had the ability in discovery to ask those witnesses about damages but failed to do so.

Moving to Plaintiffs' specific arguments, VSL Inc. seeks actual damages related to its false advertising, conversion, and conspiracy claims, and therefore warrants a jury. VSL Inc. has asserted actual damages resulting from Plaintiffs' false advertising. Specifically, VSL Inc. seeks $1,500,000 in compensatory damages. ECF No. 713 at 75. Plaintiffs' Motion ignores this entirely, incorrectly stating that "on their claims for false advertising, Defendants seek only equitable relief." ECF No. 774 at 9.

VSL Inc.'s conversion claim also seeks damages outside of punitive damages. ECF No. 713 at 76. Plaintiffs point to *Shabazz v. Bob Evans Farms, Inc.*, 163 Md. App. 602, 639, 881

---

this late time. Further, these cases in no way support Plaintiffs' argument that the law somehow required VSL to provide a damages model to Plaintiffs or use experts to support its damages claims. They merely highlight the pleading standard, which in this case has long passed relevancy.

A.2d 1212, 1233 (2005) for the principal that punitive damages are unavailable in the absence of compensatory damages.  While this may be true, "[i]t is also a well-settled principle of law that the tort of conversion can serve, and frequently has served, as a launching pad for punitive damages." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 150 Md. App. 18, 34, 818 A.2d 1159, 1168 (2003), aff'd, 379 Md. 249, 841 A.2d 828 (2004).  Further, a finding of "nominal damages," where a compensable injury has been proven but "it is impossible to calculate the actual loss that has been suffered," can still support a finding of punitive damages.  *Shabazz*, 163 Md. App. at 639, 881 A.2d at 1234.  VSL Inc. should be afforded the opportunity to present evidence of a compensable injury due to De Simone's intentional destruction of documents and conversion of VSL Inc.'s documents and information.

VSL Inc. also asserts damages for conspiracy including the costs associated with De Simone's breach of fiduciary duty.  ECF No. 713 at 75, 76.  Plaintiffs do not contest this, but rather ask the Court to dismiss VSL Inc.'s conspiracy claim as duplicative of its fiduciary duty claim.  ECF No. 774 at 13.  Aside from this request at this stage being improper and untimely, it is also lacks any legal basis.  Plaintiffs cite to *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) for the proposition that a court should strike duplicative claims.  Yet crucially, the duplicative claims in *Love-Lane* were against a defendant "in his official capacity as Superintendent" and against the School Board.  *Id.*  The Fourth Circuit upheld dismissal of the claim because a claim against the Superintendent in his official capacity was essentially a claim against the Board.  *Id.*  *Love-Lane* does not, and cannot, stand for the premise that one party cannot bring multiple causes of action against another party if those causes of action seek the same relief under the same set of facts, as posited by Plaintiffs.

      **b.**     **Leadiant Seeks Actual Damages for Trademark Infringement, Unfair Competition, False Advertising and Tortious Interference.**

Contrary to the allegation in Plaintiffs' Motion, at p. 2, Leadiant has never abandoned its claims to recover damages for trademark infringement and unfair competition. As noted in the Joint Pre-Trial Order Submission, Leadiant seeks damages for De Simone's and ExeGi's violations of the Lanham Act and state law (tortious interference with economic relations and tortious interference with prospective economic advantage).[2] ECF No. 713 at 78. These damages include Leadiant's loss in value of its exclusive licensing agreement with VSL Inc. as a result of De Simone's interference with Leadiant's relationship with VSL Inc., as well as Leadiant's lost business from healthcare providers, damage to its reputation, and costs of corrective advertising campaign as a result of De Simone's and ExeGi's false advertising. *Id*. Leadiant intends to establish such damages through live witness testimony including that of David Sandoval and Mary Ocnean.

As Leadiant seeks actual damages for its counterclaims against Plaintiffs, its counterclaims are appropriately decided by the jury.

### c.  Alfasigma Seeks Actual Damages for False Advertising and Tortious Interference.

Alfasigma also seeks money damages for Plaintiffs' violation of the Lanham Act, as well as their tortious interference with Alfasigma's prospective economic advantage—*in addition to* injunctive relief and profit disgorgement. In the Joint Pre-Trial Order Submission, Alfasigma disclosed that it intended to seek damages "suffered by Alfasigma as a direct and proximate result of Plaintiffs' violations including the loss of business from prescribers and other healthcare providers, corrective marketing efforts, and damage to Alfasigma's reputation and the VSL#3

---

[2] This is consistent with Leadiant's Fifth Amended Counterclaim [ECF 320], wherein (as noted in Plaintiffs' Motion, at pp. 4-5) Leadiant expressly seeks damages for Plaintiffs' Lanham Act violations that resulted in injury to Leadiant and ExeGi earning revenues and profits.

brand." ECF No. at 78. Alfasigma intends to establish its actual damages through live witness testimony including that of Mary Ocnean, Gena Groy and Brian Mason. Each of these witnesses was disclosed to Plaintiffs as a witness with knowledge of "damages to Alfasigma" in Alfasigma's responses to Plaintiffs' interrogatories early in discovery. *See* Alfasigma Answers and Objections to ExeGi's Interrogatories dated September 22, 2017 at 7. Plaintiffs had ample opportunity to depose Ms. Groy and Mr. Mason during discovery but chose not to. Plaintiffs did take the deposition of Ms. Ocnean. Again, Plaintiffs offer no authority for their suggestion that Alfasigma is required to have an expert to testify to damages, nor is one required. Accordingly, since Alfasigma is seeking money damages on both of its counterclaims, these counterclaims are appropriately decided by the jury.[3]

## II.   In The Alternative, Any Of Defendants' Claims Found To Be Equitable Should Go Before The Jury Because They Are Related To Pending Legal Claims.

While Defendants' claims should go before a jury as they are legal in nature, even if the Court finds otherwise, the claims should still be presented to the jury as there are common issues between any such equitable claim and VSL Inc.'s breach of fiduciary duty claim, which Plaintiffs concede is a matter for the jury. Plaintiffs' Motion, p. 3. *See Coryn Group II, LLC v. O.C. Seacrets, Inc.*, 2011 U.S. Dist. LEXIS 82375, at *7 (D. Md. July 26, 2011) ("When legal and equitable claims are joined in the same action, 'the right to a jury trial on the legal claim, including all issues common to both claims, remains intact.'" (Citations omitted)).

Plaintiffs argue that Defendants' "non-jury claims" are not closely related to VSL Inc.'s breach of fiduciary duty claim because Plaintiffs' alleged trademark infringement and false

---

[3] To the extent that the Court finds that Alfasigma has asserted only lost profits, and is therefore not entitled to a jury, Plaintiffs' Lanham Act claim against Alfasigma—which only asserts lost profits—should likewise be decided by the Court and not the jury, and therefore should be stricken from the jury instructions and the verdict sheet.

6

advertising occurred subsequent to the alleged breaches of fiduciary duty, and there is no overlap. This is untrue. For example, the relevance, and consequences, of the trademark applications for "VSL3TOTAL" and "VSL3 BY DESIMONE" are factual issues pertinent to both the breach of fiduciary claim and the Lanham Act claims. Also, as the Court recognized in session on October 30, De Simone's trademark infringement and false advertising is relevant to, and evidence of, De Simone's plan to put VSL Inc. out of business. Furthermore, Leadiant's tortious interference claim, which Plaintiffs do not mention as to this argument, is intimately intertwined with VSL Inc.'s breach of fiduciary duty claim. Similarly, De Simone's destruction of documents and refusal to return VSL's information upon his resignation (VSL Inc.'s conversion claim) directly supports VSL Inc.'s breach of fiduciary duty claim.

Plaintiffs ask that the Court hold two separate trials in this case—one on the legal issues now and then a separate trial, after the jury trial, in which the parties will put on evidence for their equitable claims. The Court should dismiss this suggested waste of judicial and party resources. Even if the Court believes these claims are merely equitable in nature, the Court should exercise its discretion to try the matters simultaneously. 9 Wright & Miller, Federal Practice and Procedure: Civil § 2338 (3d ed.) ("They may be tried simultaneously, with the jury rendering a verdict on the jury issues and the trial judge making findings on the nonjury issues."); *Five Platters, Inc. v. Purdie*, 419 F. Supp. 372, 376 (D. Md. 1976) (submitting "issues which were common to damages and the equitable claims to a jury" and adopting the jury's factual findings on the equitable claims) (citing 9 Wright & Miller, Federal Practice and Procedure: Civil, § 2338 at 135-137 (1971)); *Am. Cyanamid Co. v. Wilson & Toomer Fertilizer Co.*, 62 F.2d 1018, 1020 (5th Cir. 1933) ("[I]t may be possible without confusion to impanel a jury, hear all the evidence before judge and jury, the judge then determining the equities and

taking the verdict of the jury on the remaining issues at law in one trial."); *Ralph Blechman, Inc. v. I.B. Kleinert Rubber Co.*, 98 F. Supp. 1005, 1006 (S.D.N.Y. 1951) (recognizing a trial judge's discretion to try legal and equitable claims together in one trial) (citing 2 Barron and Holtzolff, Federal Practice and Procedure § 894 (1950)).

The Court should exercise this discretion here, where Plaintiffs' arguments essentially rest on the sufficiency of Defendants' evidence of damages, and the evidence that would be presented to the jury in support of VSL Inc.'s breach of fiduciary duty claim would mirror the evidence presented at a subsequent trial on the claims Plaintiffs incorrectly describe as merely equitable. The Court should permit Defendants to put on such evidence and then, to the extent that there are mixed questions of law and equity, submit to the jury only those issues that he deems appropriate at the end of trial.

### III. Even If The Court Concludes That Defendants Are Not Entitled To A Jury, The Court Should Empanel An Advisory Jury Pursuant To Fed. R. Civ. P. 39(c)(1).

If the Court concludes that Defendants failed to plead actual damages, Defendants respectfully request that, pursuant to Fed. R. Civ. P. 39(c)(1), the Court empanel an advisory jury for the duration of the trial in this matter. This is consistent with the Hon. William D. Quarles, Jr.'s decision in *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, No. CIV WDQ-08-2764, 2010 WL 1375301 (D. Md. Mar. 30, 2010):

> Although § 1117(a) states that an award of monetary relief is "subject to the principles of equity"—and Synergistic instructs that the Court should apply "appropriate equitable principles" in making the award—it appears that the question of the plaintiff's entitlement to monetary relief may be submitted to a jury. Under § 1117(a), "[t]he court shall assess such profits and damages *or cause the same to be assessed under its direction*."

*Id.* at *4, n. 8 (citing cases) (emphasis in original).

In a case such as this, involving consumer perception in the marketplace and other intangible factors of the consuming public, Defendants contend that the viewpoints and experiences of the jury would provide valuable guidance to the Court's resolution of the issues to be heard at trial.

WHEREFORE, for the reasons set forth herein, and the arguments made by counsel, Defendants respectfully request the Court deny Plaintiffs' Motion.

Respectfully submitted,

/s/ Turner A. Broughton
Brian Cashmere, Esq. (USDC MD. Bar No. 14170)
Williams Mullen, P.C.
8300 Greensboro Drive, Suite 1100
McLean, VA  22102
Tel.:        (703) 760-5200
Fax:  (703) 748-0244
E-mail:     bcashmere@willimsmullen.com

*Admitted pro hac vice*
Douglas M. Nabhan, Esq. (VSB No. 24078)
Turner A. Broughton, Esq. (VSB No. 42627)
Andrew O. Mathews, Esq. (VSB No. 77068)
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320
Telephone:  (804) 420-6000
Facsimile:  (804) 420-6507
dnabhan@williamsmullen.com
tbroughton@williamsmullen.com
amathews@williamsmullen.com

Brian L. Schwalb, Esq.
Venable LLP
600 Massachusetts Avenue, NW
Washington DC  20001
Telephone:  (202) 344-4356
Facsimile:  (202) 344-8300
blschwalb@venable.com

*Counsel for Defendant/Counterclaim Plaintiff VSL*

*Pharmaceuticals, Inc.*

     /s/ Mark A. Weissman     
Mark A. Weissman (admitted *pro hac vice*)
Lydia Ferrarese (admitted *pro hac vice*)
Brian Carr (admitted *pro hac vice*)
Herzfeld & Rubin, P.C.
125 Broad Street
New York, New York 10004
(212) 471-8500
E-mail:     lferrarese@herzfeld-rubin.com
                mweissman@herzfeld-rubin.com

*Counsel for Alfasigma USA, Inc.*

Charles S. Fax, Maryland Federal Bar No. 2490
Liesel J. Schopler, Maryland Federal Bar No. 17280
Rifkin Weiner Livingston, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Telecopier: (301) 951-0172
cfax@rwllaw.com
lschopler@rwllaw.com

*Counsel for Defendant and Counterclaim-Plaintiff Leadiant Biosciences, Inc.*