**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | | |
|---|---|---|
| CLAUDIO DE SIMONE, *et al.*, | * | |
| Plaintiffs/Counterclaim Defendants, | * | |
| v. | * | Case No. 8:15-cv-01356-TDC |
| VSL PHARMACEUTICALS, INC., *et al.*, | * | |
| Defendants/Counterclaim Plaintiffs. | * | |

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' OPPOSITION TO
VSL PHARMACEUTICALS, INC.'S MOTION *IN LIMINE* TO
PRECLUDE ANY TESTIMONY OF MARIELLA BALDASARRE**

Plaintiff/Counterclaim Defendants Professor Claudio De Simone ("Prof. De Simone") and ExeGi Pharma, LLC ("ExeGi") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file this opposition to the motion *in limine* of VSL Pharmaceuticals, Inc. ("VSL") to preclude any expert testimony of Mariella Baldassarre.

Dr. Mariella Elisabetta Baldassarre is a pediatrician in the Neonatology and Neonatal Intensive Care Unit at the Aldo Moro University of Bari in Bari, Italy and a member of SIGENP (Italian Society of Pediatric Gastroenterology, Hepatology, and Nutrition) in Milan, Italy. Defendants have long been well aware of Dr. Baldassarre, just Defendants have known for nearly six months that Dr. Baldassare has treated pregnant women and newborns with VSL#3 and Visbiome, observed the effects of both formulas in her own patients, and published a February 10, 2018[1] article analyzing the same. Plaintiffs disclosed the information on May 2, 2018. *See* ECF

---

[1] Although Defendants suggest that Dr. Baldassarre's study was "published in January 2018," it was not. Dr. Baldassarre's article, entitled "Effectiveness and Safety of a Probiotic-Mixture for the Treatment of Infantile Colic: A Double-Blind, Randomized, Placebo-Controlled Clinical Trial

No. 588 at pp. 21-23. Alongside their response to Defendants' motion for a preliminary injunction, Plaintiffs filed Dr. Baldassarre's article and correspondence between Dr. Baldassarre and the journal's editorial board regarding a complaint received from Defendants themselves.[2] ECF No. 588-23, 24, 25. Defendants now object to Dr. Baldassarre's testimony on the grounds that they have "no idea" what she could possibly say. Defendants' motion *in limine* should be denied.

Defendants complain that Plaintiffs failed to respond to the First Set of Interrogatories issued by VSL and Leadiant to specifically identify Dr. Baldassarre as a "person who may have knowledge or information." However, when Plaintiffs' responses to these interrogatories were due, neither VSL nor Leadiant had any claim for false advertising, and Dr. Baldassarre's article had not yet been published. Although Defendants also point out that Plaintiffs did not identify Dr. Baldassarre or her article in response to Defendants' Fourth Set of Interrogatories to Prof. De Simone,[3] Plaintiffs identified Dr. Baldassarre and that same article almost immediately thereafter, on May 2, 2018, after Plaintiffs received the article and subsequently filed it. ECF No. 588. Plaintiffs also discussed her opinions at length and pointed out that she is a pediatrician who has treated infants for colic with VSL #3 and Visbiome. *See id*. Defendants cannot now claim surprise.

---

with Fecal Real-Time PCR and NMR-Based Metabolomics Analysis," was published in the journal *Nutrients* (hereinafter, the "journal") on February 10, 2018.

[2] The journal's editorial board received a complaint from VSL's European counterpart: Actial Farmaceutica S.r.l. ("Actial").

[3] Defendants also point to Plaintiffs' failure to identify Dr. Baldassarre and her article in responding to Alfasigma's Interrogatories Nos. 3 and 6, ECF No. 788 at pp. 2-3, although Dr. Baldassarre and her article are not responsive to either interrogatory. Dr. Baldassarre does not offer an opinion on whether VSL #3 is "counterfeit," nor does she opine on whether VSL #3 is "demonstrably different" from Visbiome. *See id*. Instead, she offers her opinion based on her own observations in treating her patients with the formulas.

2

Instead, Defendants now argue that Plaintiffs did not disclose Dr. Baldassarre as a witness until "October 17." But Plaintiffs disclosed Dr. Baldassarre as a witness on October 2, a week before motions *in limine* were due on October 9, 2018. Defendants filed no motion *in limine* to exclude Dr. Baldassarre's testimony. Indeed, Defendants did not object to her testimony at all until October 23, 2018. Plaintiffs timely responded to Defendants' objections an hour and a half later. Defendants' instant motion, which is grossly untimely, should not be considered at all.

To the extent Defendants' motion is considered regardless, it still fails. Although Defendants endeavor to characterize Dr. Baldassarre as an expert witness, she is not. Dr. Baldassarre is a doctor who has treated patients with VSL #3 and Visbiome, and she can offer her opinions based on her own observations. It is well established that a physician may testify as a fact witness as to opinions formed during the course of treatment. *Morris v. Bland*, 666 F. App'x 233, 239 (4th Cir. 2016); *Mangala, M.D. v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996) ("to the extent that a doctor's testimony relate[s] to his own care and treatment, he is a fact witness under the Federal Rules, not an expert"); *Wiseman v. Wal-Mart Stores, Inc.*, No. 1:16-CV-04030-SAG, 2017 WL 4162238, at *4 (D. Md. Sept. 19, 2017) (permissible "fact testimony" includes "opinions of prognosis, diagnosis and causation" "learned through actual treatment and from the plaintiff's records up to and including that treatment."); *Ngo*, 176 F.R.D. at 266 (a physician fact witness may testify as to "notions regarding causation, diagnosis, [and] prognosis)."

That Dr. Baldassarre may also possess expertise cannot aid Defendants' efforts to exclude her testimony. Where, as here, doctors are fact witnesses, "Rule 26(a)(2)(A) does not require disclosure of anything more than their identity." *Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 500 at n.5 (D. Md. 1997); *Morris v. Bland*, 666 F. App'x 233, 239 (4th Cir. 2016)(same); *see also Zanowic v. Ashcroft*, 2002 WL 826878, *1 (S.D.N.Y. Apr. 30, 2002) ("a doctor is not precluded

from testifying to facts learned and opinions formed in the course of treatment by virtue of the fact that a party did not make the expert disclosures required under Rule 26(a)(2) because the doctor is not an "expert" subject to the Rule."); *Brown v. Ryan's Family Steak House, Inc.*, 113 F. App'x 512, 515 (4th Cir. 2004) (physician fact witness may offer all "opinions or inferences which are rationally based on his perception of the facts if it is helpful to a clear understanding of a fact in issue," regardless of whether it is "based on scientific, technical, or specialized knowledge"). Plaintiffs disclosed Dr. Baldassarre as a fact witness, and she may offer her opinions formed during the course of treating pregnant women and newborn infants with VSL #3 and Visbiome and her article, which analyzes that treatment. *See* ECF No. 588, Exs. 24 and 25.

Dr. Baldassarre may also offer fact testimony based on her correspondence with the journal's editorial board, for which no expertise is required, and by which Defendants cannot possibly claim to be surprised. That correspondence arose based on Defendants' own complaint. To the extent Defendants were unaware of their own complaint, Plaintiffs reminded them of it when they filed the precise correspondence with this Court on May 2, 2018. ECF No. 588, Ex. 23. As that correspondence makes clear, when the journal's editorial board questioned Dr. Baldassarre about her underlying opinions as to why VSL #3 could not be accurately referenced as Visbiome, Dr. Baldassarre explained that the two formulas were not the same (or equivalently efficacious), and the editorial board accepted that explanation. *See id*. The lack of equivalent efficaciousness between VSL #3 and Visbiome has always been (and remains) a central part of Plaintiffs' case.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court enter an Order denying Defendants' motion *in limine* and granting any other relief the Court deems appropriate.

Dated:  November 1, 2018            **SCHULMAN BHATTACHARYA, LLC**

By:    /s/ Jeffrey S. Gavenman
Jeremy W. Schulman (Fed. Bar No. 16787)
Jeffrey S. Gavenman (Fed. Bar No. 19946)
Schulman Bhattacharya, LLC
7500 Old Georgetown Road, Suite 901
Bethesda, Maryland 20814
Telephone: (240) 356-8550
E-mail:  jschulman@schulmanbh.com
           jgavenman@schulmanbh.com

*Counsel for Plaintiffs/Counterclaim Defendants Professor Claudio De Simone and ExeGi Pharma, LLC*

5