IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| CLAUDIO DE SIMONE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: 8:15-cv-01356 |
| VSL PHARMACEUTICALS, INC., *et al.* | ) ) ) |
| Defendants, | ) |

**VSL PHARMACEUTICALS, INC.'S BENCH BRIEF REGARDING
ITS BREACH OF FIDUCIARY DUTY CLAIM**

Defendant/Counterclaim Plaintiff VSL Pharmaceuticals, Inc. ("VSL Inc."), in opposition to Plaintiffs' contention that VSL Inc.'s breach of fiduciary duty claim should be limited to actions or omissions occurring after the effective date of the 2014 Danisco Supply Agreement, states as follows:

1. On November 13, 2018, after nine days of trial and in connection with discussing draft jury instructions with the Court, Plaintiffs raised for the first time that this Court's summary judgment ruling, issued on October 9, 2018, should be interpreted to confine VSL Inc.'s breach of fiduciary duty claim to events occurring on or after the execution of the 2014 Danisco Supply Agreement. Plaintiffs' argument not only ignores what has been VSL Inc.'s fiduciary duty claim from the outset of this case, but it also is inconsistent with the plain language of the Court's Order on Summary Judgment [ECF No. 677], and its Memorandum Opinion [ECF No. 676] in support thereof.

2. In its Memorandum Opinion, the Court cited its earlier preliminary injunction order in which it, among other things, enjoined De Simone from cutting off VSL's supply from Danisco before January 31, 2016. ECF No. 676 at 25. As the Court recognized in its first

1

preliminary injunction order, VSL Inc.'s breach of fiduciary duty claim has consistently focused on the multiple steps De Simone took, as early as 2013, to usurp valuable corporate opportunities from the company. ECF No. 99 at 29–30. While the Court discussed the 2014 Supply Agreement and De Simone's self-serving use of that document (and the change of control provision in the 2010 Know How Agreement) to cut off VSL Inc.'s supply of VSL#3, it certainly recognized that VSL Inc.'s fiduciary duty claim, from a chronological standpoint, was based on actions that De Simone took long before June 2014, including but not limited to the trademark application he filed in September 2013. *Id*. "Through his trademark applications, [De Simone] was poised to market that co-opted supply so as to capitalize on VSL's brand recognition. In essence, De Simone appears to have laid the groundwork to substitute himself for the corporation of which he was the chief executive officer. Such actions likely would violate De Simone's fiduciary duty as an officer and director of VSL because it 'would work injury to the corporation,' 'deprive it of profit or advantage,' and constitute self-dealing." *De Simone*, 133 F. Supp. 3d. at 795.

3. VSL Inc.'s breach of fiduciary duty claim at trial, and the evidence it has introduced in support of that claim, is consistent with a theory of the case that it has advanced from the outset: De Simone, while serving in a fiduciary role as the company's president and CEO, "laid the groundwork" to steal the company's probiotic business for himself. The steps he took to "lay the groundwork" are not limited to the 2014 Supply Agreement or the events that took place thereafter. To the contrary, they include a series of calculated steps De Simone took to seize VSL Inc.'s brand, supply and information in order to render it unable to continue to compete, steps that De Simone started taking in 2013.

4. A fair reading of the Court's Memorandum Opinion, as well as the parties' competing briefs on the fiduciary duty claim, do not support Plaintiffs' eleventh-hour contention that VSL Inc.'s fiduciary duty claim should be artificially constrained to June 2014 through November 14, 2014 (when De Simone resigned). To the extent any time frame limitation was argued in connection with the summary judgment motions, it was the 3-year statute of limitations under Maryland law applying to fiduciary duty claims. ECF No. 676 at 19 ("Here, VSL filed its original Counterclaim on June 2, 2015, so it can proceed on only those claims that accrued on or after June 2, 2012."). Consistent with this focus, the Court's Memorandum Opinion states: "VSL asserts that De Simone breached his fiduciary duty as CEO of VSL in a number of ways." ECF No. 676 at 16. The Opinion recognizes that "VSL has also asserted breach of fiduciary duty, conspiracy, and fraud **relating to events since June 3, 2012**." *Id*. at 24 (emphasis added). The Order specifically references, as an example, VSL's assertion that De Simone's registration of trademarks that infringed on VSL's trademark of VSL#3 is included in those claims—which occurred in September 2013. *Id*. *See also* Trial Exhibit 906 at VSLPHARMA00048714. The Court concluded that "the remaining parts of VSL's breach of fiduciary duty claims are viable, and [] the De Simone Parties' request for summary judgment on these claims will be denied." *Id.* at 25. Although—in denying Plaintiffs' motion for summary judgment on breach of fiduciary duty as it specifically related to the 2014 Danisco Supply Agreement—the Court concluded that the resolution of that specific issue "is likely to impact the VSL Parties' remaining theories of liability for their breach of fiduciary duty claims," the Court determined that "**all** remaining aspects of these claims **should be resolved at trial**." ECF No. 676 at 27 (emphasis added).

5. Following the Court's Memorandum Opinion expressly stating that VSL Inc. could proceed on "those claims that accrued on or after June 2, 2012," the parties submitted their

3

Joint Pretrial Statement. In it, VSL Inc. set forth numerous exhibits pertaining to the time period prior to June 2014, including exhibits relating to De Simone's filing of trademark applications (in September 2013 and June 2014), seizing control of the DSMZ master cell bank account (in November 2013), refusing to share information with the company's shareholders (starting as early as January 2014 and continuing through May 2014), destroying corporate paper and electronic records (in June 2014), and secretly negotiating regarding the creation of a new business arrangement with Marc Tewey in the Spring and Summer 2014. Plaintiffs did not object at the Pretrial Conference, during the admission of evidence at trial, or at any other time prior to November 13, 2018, on grounds that VSL Inc. was limited by the Court's summary judgment order to events occurring on or after the 2014 Danisco Supply Agreement was executed. Moreover, Plaintiffs previously proposed no jury instruction limiting VSL Inc.'s claims to that time frame. They should be precluded from making that argument now.

6. To rule now that VSL Inc.'s breach of fiduciary duty claim is limited to actions occurring on or after the 2014 Danisco Supply Agreement would unfairly and improperly reduce Maryland's 3-year statute of limitations by 19 months. It would also unfairly prejudice VSL Inc.'s rights to pursue its fiduciary duty claims and cause unnecessary confusion for the jury.

WHEREFORE, for these reasons, the Court should deny Plaintiffs' request to limit VSL Inc.'s breach of fiduciary duty claim to actions or omission that occurred after the date of the 2014 Danisco Supply Agreement.

Dated: November 13, 2018

**VSL PHARMACEUTICALS, INC.,**

    /s/ Brian L. Schwalb
Brian L. Schwalb, Esq. (USDC MD. Bar No 11326)
Venable LLP
600 Massachusetts Avenue, NW

Washington DC  20001
Telephone:  (202) 344-4356
Facsimile:  (202) 344-8300
blschwalb@venable.com
Brian Cashmere, Esq. (USDC MD. Bar No. 14170)
Williams Mullen, P.C.
8300 Greensboro Drive, Suite 1100
McLean, VA  22102
Tel.:	(703) 760-5200
Fax:  (703) 748-0244
E-mail:	bcashmere@willimsmullen.com

*Admitted pro hac vice*
Douglas M. Nabhan, Esq. (VSB No. 24078)
Turner A. Broughton, Esq. (VSB No. 42627)
Andrew O. Mathews, Esq. (VSB No. 77068)
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320
Telephone:  (804) 420-6000
Facsimile:  (804) 420-6507
dnabhan@williamsmullen.com
tbroughton@williamsmullen.com
amathews@williamsmullen.com

    *Counsel for Defendant/Counterclaim Plaintiff VSL Pharmaceuticals, Inc.*