## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

|  |  |
|---|---|
| CLAUDIO DE SIMONE, *et al.*, | \* |
| Plaintiffs/Counterclaim Defendants, | \* |
| v. | \*   Case No. 8:15-cv-01356-TDC |
| VSL PHARMACEUTICALS, INC., *et al.* | \* |
| Defendants/Counterclaim Plaintiffs, | \* |

### BENCH BRIEF IN SUPPORT OF DEFENDANT ALFASIGMA USA, INC.'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS REGARDING DISGORGEMENT REMEDY AND PUNITIVE DAMAGES

Defendant Alfasigma USA, Inc. ("Alfasigma") by and through its counsel, hereby submits this Bench Brief in support of its objections to Plaintiffs' proposed jury instructions regarding disgorgement and punitive damages.

I.   <u>Plaintiffs' Claim for Disgorgement of Profits is Equitable in Nature and Should be Decided by the Court and not the Jury.</u>

In their bench brief of October 29, 2018 (ECF 774), Plaintiffs forcefully argued, citing cases in this circuit and others, that disgorgement of profits under the Lanham Act was a "wholly equitable remedy" and that profits should be decided by the Court and not the jury. (ECF 774 at 9-10). *See, e.g., Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1065, 1074-75 (9th Cir. 2015) ("The Seventh Amendment does not require that a jury calculate…profits, because juries have not traditionally done so, and a claim for profit disgorgement is equitable in nature"); *Ringling Bros. v. Utah Div. of Travel Dev.*, 955 F. Supp. 598, 605 (E.D. Va. 1997) ("disgorgement of defendant's profits" is a "wholly equitable" remedy and did not create any "jury trial right.").

In response, Alfasigma argued that it intended to show actual damages on its counterclaims, which would be properly before the jury. (ECF 786 at 5-6). Notably, Alfasigma did not dispute that profit disgorgement was an equitable remedy to be decided by the Court and instead highlighted the fact that Plaintiffs, themselves, sought only equitable disgorgement. (ECF 786 at n. 3). Defendants have since voluntarily dismissed their counterclaims against Plaintiffs for False Advertising and Tortious Interference.

Here, ExeGi has not introduced any evidence of actual damages it may have suffered as a result of alleged false advertising, and instead relies exclusively on a theory of disgorgement of defendants' profits. Moreover, Plaintiffs' expert, Bryan Callahan, did not offer a theory of damages for false advertising other than disgorgement of Defendants' profits. Accordingly, since Plaintiffs seek only the equitable remedy of disgorgement, the Court and not the jury should determine the amount of defendants' profits, if any, to which Plaintiffs may be entitled.

II. <u>Punitive Damages are Not Available under the Lanham Act</u>

Section 1117(a) of Title 15 provides, as to Lanham Act claims, that a successful plaintiff is entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. §1117(a). As to a recovery based on plaintiff's actual damages or the defendant's profits, § 1117(a) provides specifically:

> In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances *shall constitute compensation and not a penalty*.

15 U.S.C. § 1117(a) (emphasis added).

Accordingly, "[i]t is clear that the Lanham Act prohibits punitive damages." *PBM Prods. V. Mead Johnson & Co.*, 174 F.Supp.2d 424, 429 (E.D.Va. 2001). So, while "enhanced damages

may be awarded to fairly compensate a prevailing party…" they may not be imposed for punitive reasons. *Concordia Pharms., Inc. v. Method Pharms., LLC*, 240 F.Supp.3d 449, 455 (W.D.Va. 2017).   Plaintiffs are therefore not entitled to the jury's consideration of punitive damages for alleged Lanham Act violations.

Dated: November 13, 2018

                                              Respectfully submitted,

                                                 /s/ Mark A. Weissman
                                              Mark A. Weissman (admitted *pro hac vice*)
                                              Lydia Ferrarese (admitted *pro hac vice*)
                                              Brian T. Carr (admitted *pro hac vice*)
                                              Herzfeld & Rubin, P.C.
                                              125 Broad Street
                                              New York, New York 10004
                                              (212) 471-8500
                                              E-mail:   lferrarese@herzfeld-rubin.com
                                                              mweissman@herzfeld-rubin.com
                                                              bcarr@herzfeld-rubin.com

                                              Robert S. Brennen (04499)
                                              Miles & Stockbridge, P.C.
                                              100 Light Street
                                              Baltimore, MD 21202
                                              (410) 727-6464
                                              E-mail:   rbrennen@milesstockbridge.com

                                              *Counsel for Alfasigma USA, Inc.*