This Court should permit a partial verdict in this case. Such a decision would be in line with this Court's own decisions and the weight of authority in other Circuits to reach the issue. It would also be in accordance with the mandate in the Federal Rules of Civil Procedure requiring interpreting the Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendants cite no authority that could mandate an opposite result. Further, pursuant to precedent in this Circuit, this Court should accept the special verdict form regardless of whether the jury reaches a unanimous agreement on the questions posed therein.

As a preliminary matter, this Court has permitted partial verdicts in civil cases. In *Bostron v. Apfel*, 104 F. Supp. 2d 548 (D. Md. 2000), *aff'd*, 2 F. App'x 235 (4th Cir. 2001), plaintiffs sought relief under Title VII of the Civil Rights Act of 1964, as amended, claiming they were denied numerous promotions on the basis of their gender. *Id*. at 550. The jury returned a verdict in the defendant's favor as to two of the promotional positions but "indicated that it was hopelessly deadlocked as to all of the other positions at issue." *Id*. The Court declared a mistrial "as to the positions with respect to which the jury could not agree on a verdict." *Id*. This Court's decision is in line with authority from other Circuits, which also permit partial verdicts in civil cases.[1]

In *Sanchez v. City of Chicago*, the Eighth Circuit held that partial verdicts are permissible in civil cases and affirmed a partial verdict. 880 F.3d 349, 361 (7th Cir. 2018). In so holding, the Court noted the Federal Rules of Criminal Procedure "expressly *allow* partial verdicts." *Id*. at 360 (emphasis in original). The Court rejected the argument that Federal Rule of Civil Procedure 48(c)

---

[1] This Court's decision is also in accord with decisions issued by district courts in other jurisdictions, which have similarly permitted partial verdicts in civil cases. *See, e.g., Brown v. Doody*, No. 08 C 5711, Dkt. Nos. 174, 177 (N.D. Ill. Dec. 3, 2010); *Rosales v. Career Sys. Dev. Corp.*, 2010 WL 4220503, at *1 (E.D. Cal. Oct. 20, 2010); *Herndon v. WM. A. Straub, Inc.*, 17 F. Supp. 2d 1056, 1058 (E.D. Mo. 1998).

precludes partial verdicts as "deficient" and noted that, although the Federal Rules of Civil Procedure "are silent" on the issue, "there is authority from our sister circuits indicating support for accepting a jury's conclusions on some, but not all, issues raised at a trial." *Id.* at 361 (citing *Kerman v. City of New York*, 261 F.3d 229, 242 n.9 (2d Cir. 2001); *Robertson Oil Co. v. Phillips Petroleum Co.*, 871 F.2d 1368, 1375 n.5 (8th Cir. 1989); and *Bridges v. Chemrex Specialty Coatings, Inc.*, 704 F.2d 175, 180 (5th Cir. 1983)). As the Court determined: "This is not surprising, given that the Civil Rules call for interpretations that "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (citing and quoting Fed. R. Civ. P. 1). And: "Interpreting the Rules to allow partial verdicts accomplishes that goal." *Id.* As the Court recognized, the Second and Fifth Circuits have agreed. *See id.* So, too, has the Ninth Circuit, *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) (affirming partial verdict in part).

In *Kerman v. City of New York*, 261 F.3d 229, 243 (2d Cir. 2001), the Second Circuit also affirmed a district court's partial verdict in a civil case and rejected the argument that "there [wa]s no authority" to accept a partial verdict. *Id.* at n.9. As the Court held: "In the absence of authority prohibiting such a partial verdict in a civil case … at the very least a trial judge, in the exercise of sound discretion, may follow such a course." *Id.*[2] Here, too, Defendants cite no authority prohibiting a partial verdict, which equally permits this Court to follow such a course. *See id.*

The Court should also accept the special verdict form, even if the jury cannot reach agreement on each question posed therein, and even if other claims remain unsettled. As the Fifth Circuit observed: "a jury's failure to reach a verdict on every interrogatory does not prevent a court from accepting the properly-answered interrogatories." *Bridges v. Chemrex Specialty Coatings,*

---

[2] This Court cited *Kerman* in *Lawley v. Northam*, No. CIV.A. ELH-10-1074, 2013 WL 1786484, at *2 (D. Md. Apr. 24, 2013).

*Inc.*, 704 F.2d 175, 180 (5th Cir. 1983) (citing *Duncan v. Barnes,* 592 F.2d 1336, 1338 (5th Cir. 1979); *Skyway Aviation Corp. v. Minneapolis, Northfield & S. Ry.,* 326 F.2d 701, 704 (8th Cir. 1964); *Black v. Riker-Maxson Corp.,* 401 F. Supp. 693, 696 (S.D.N.Y. 1975)). As the Court held: "Properly-answered interrogatories may support a verdict on the issues to which they respond. This is true even if other claims in the case remain unsettled." *Id.*

This Circuit has followed this approach in accepting partial verdict forms, even when some questions on the form remain unanswered. *Bristol Steel & Iron Works v. Bethlehem Steel Corp.,* 41 F.3d 182, 190–91 (4th Cir. 1994) (explaining that "the district court exercises the discretion to determine whether the jury's findings as evidenced by the special verdicts will support the verdict rendered or whether certain issues should be resubmitted to the jury" and citing with approval *Bridges v. Chemrex Specialty Coatings, Inc.*, 704 F.2d 175, 180 (5th Cir. 1983)). As the Court noted: "The courts have recognized that partially completed special verdict forms are sufficient, provided that the answered questions support the verdict and the unanswered questions, if answered in favor of the nonprevailing party, would not render the judgment erroneous." *Id.* at 190 (collecting cases); *see also Simms v. Vill. of Albion, N.Y.*, 115 F.3d 1098, 1105 (2d Cir. 1997) (noting that, if a jury fails to answer all the questions submitted in a special verdict, the verdict may be accepted for those issues that are resolved); *Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446, 1453 (Fed. Cir. 1984) ("Where a special verdict does not contain one or more answers requested, it may, unless wholly defective, be accepted for those issues that are resolved").

In light of the above precedent, this Court should permit a partial verdict in this case and accept the special verdict form regardless of whether the jury reaches a unanimous agreement.