## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CLAUDIO DE SIMONE,

      Plaintiff/Counterclaim Defendant,

EXEGI PHARMA, LLC,

      Plaintiff,

      v.

VSL PHARMACEUTICALS, INC.,

      Defendant/Counterclaim Plaintiff,

                                     Civil Action No. TDC-15-1356

LEADIANT BIOSCIENCES, INC. and
ALFASIGMA USA, INC.

      Defendants,

      v.

DANISCO USA, INC.,

      Counterclaim Defendant.

## MEMORANDUM ORDER

Pending before the Court are a Motion for Discovery on Violation of Protective Order and Contempt of Court ("Motion for Discovery") filed by Defendant VSL Pharmaceuticals, Inc. ("VSL"), ECF No. 1042, and VSL's Motion to File Under Seal ("Motion to Seal"), ECF No. 1040. For the reasons set forth below, the Motion for Discovery will be DENIED, and the Motion to Seal will be GRANTED.

## DISCUSSION

### I.     Motion for Discovery

VSL seeks discovery in support of its assertion that Plaintiff Claudio De Simone improperly disclosed a document, known as the "VSL#3 Investigator's Brochure," ECF No. 1039-1, which was produced in discovery in this case subject to a Protective Order, entered by the Court at the request of the parties, to restrict the use and disclosure of purportedly confidential business records, ECF No. 310.  VSL argues that De Simone improperly arranged to have the document submitted as part of a new civil case filed in an Italian court.  In order to obtain discovery in aid of a claim of contempt by another party, the moving party must make a *prima facie* showing of civil contempt.  The elements of a civil contempt are:  (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree and had knowledge or constructive knowledge of such violation; and (4) that the movant suffered harm as a result.  *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).

Here, the Court finds that VSL has not made the necessary showing that it has been harmed by the alleged violation of the Protective Order.  De Simone has asserted, and VSL has not seriously disputed, that the new Italian civil case was voluntarily dismissed shortly after it was filed.  According to a declaration by Francesca Polenzani, an Italian attorney, the filings in such a civil case are not publicly accessible.  Polenzani Decl. ¶¶ 3–4, ECF No. 1048-4.  Where VSL has not demonstrated harm resulting from this limited disclosure of the document, the Court will not order discovery on this issue.

## II.    Motion to Seal

In the Motion to Seal, VSL requests that the Court seal the copy of the VSL#3 Investigator's Brochure attached to the Motion for Discovery.  De Simone opposes the Motion.

Because the document at issue was attached to a motion relating to discovery, and was not used in a civil trial or dispositive motion, the public's right to access it is based only on the common law right of access to court records.  *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252–53 (4th Cir. 1988) (noting that the First Amendment right to access civil proceedings is generally limited to civil trials and documents filed with a motion that "adjudicates substantive rights and serves as a substitute for a trial," such as a summary judgment motion).  The common law public right of access attaches to all "judicial records and documents."  *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  This presumption applies unless "countervailing interests heavily outweigh the public interests in access."  *Rushford*, 846 F.2d at 253.  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."  *Id.*

Upon review of the document, the Court find that it contains proprietary information that provides a sufficient basis to overcome the public interest in access.  Notably, in this instance, there is no particular interest in disclosure beyond the general public interest in access to court records, which is grounded in the need for the public to be able to "judge the product of the courts in a given case."  *Columbus-America Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000).  The Motion for Discovery, with which the document was filed, has nothing to do with the merits of the original dispute and relates only to an alleged violation of a Protective Order entered at the request of the parties to protect their own privacy interests.  The public interest in a dispute about the dissemination of a business record that had no bearing on the merits of this case,

and which was allegedly disclosed almost four years after the trial in this case, is virtually nonexistent. Though De Simone argues that the public has an interest in the content of the document, he has in fact primarily articulated his own private interest in seeking to benefit financially from the impact of the disclosure of its contents. Accordingly, the Court finds that the proprietary interest in the document outweighs the public interest in access. The Motion to Seal will therefore be granted. For the same reasons, the additional Motion to Seal, ECF No. 1047, filed by De Simone pursuant to the requirements of the Protective Order, will also be granted.

Finally, the Court notes that the litigation regarding the VSL#3 Investigator's Brochure, which has caused significant expenditures of time and resources by the parties and the Court, would not have been necessary had the parties complied with the Protective Order's requirement that all confidential or highly confidential documents exchanged in discovery be returned or destroyed within 60 days of the final judgment and resolution of the appeal in this case. The district court fully resolved the merits of this case when it entered the permanent injunction on June 20, 2019. The direct appeal was resolved on February 17, 2021. There is no reason, over three years after the Court resolved the merits of this case, that the parties should still be litigating any issues in this case, much less issues relating to documents that should have been returned or destroyed long ago. Accordingly, the Court will order that all paper copies of all documents produced in discovery that were marked as Confidential or Highly Confidential be immediately returned to the opposing party, so that there will be a clear record of such an exchange. All electronic copies must also be returned if stored on mobile electronic storage media such as hard drives or flash drives, or must be permanently deleted if contained on non-mobile forms of electronic storage media. These requirements apply to copies in the possession of outside counsel and supersede the exception for outside counsel in paragraph 15 of the Protective Order. These

4

requirements are necessary to eliminate additional, wasteful litigation relating to the Protective Order.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion for Discovery, ECF No. 1042, is DENIED.

2. The Motions to Seal, ECF Nos. 1040, 1047, are GRANTED.

3. The parties shall return or destroy all documents marked Confidential or Highly Confidential that were received in discovery in this case, in accordance with the instructions above, within **14 days** of the date of this Order.    Lead counsel for each party shall file by this deadline a written certification, under penalty of perjury, attesting to compliance with this requirement.

Date:  October 21, 2022

THEODORE D. CHUANG
United States District Judge